[This opinion has been published in *Ohio Official Reports* at 80 Ohio St.3d 271.]

ALLEN COUNTY BAR ASSOCIATION *v.* CHAMBERLAIN.

[Cite as *Allen Cty. Bar Assn. v. Chamberlain* (1997), 80 Ohio St.3d 271.]

*Attorneys at law—Misconduct—Public reprimand—Violation of a Disciplinary Rule—Engaging in conduct prejudicial to the administration of justice—Engaging in conduct adversely reflecting on fitness to practice law—Neglecting an entrusted legal matter—Failing to seek lawful objectives of client—Failing to carry out contract of employment—Damaging client during course of professional relationship—Handling a legal matter without adequate preparation.*

(No. 97-1311—Submitted August 26, 1997—Decided November 19, 1997.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 96-65.

_____

{¶ 1} On August 12, 1996, relator, Allen County Bar Association, filed a complaint charging respondent, F. Stephen Chamberlain of Lima, Ohio, Attorney Registration No. 0039815, with three counts of neglecting client matters. After respondent filed an answer, the parties stipulated to the following facts. On February 23, 1995, Jeffrey Moore, a commercial truck driver, retained respondent to represent him with respect to a speeding ticket. Respondent entered a not guilty plea, engaged in discovery, and filed a time waiver to allow Moore to attend a hearing in Youngstown. Respondent suggested to the assistant prosecuting attorney that Moore plead guilty to an equipment violation so that no points would be assessed against his license. The prosecutor agreed to be guided by the advice of the arresting officer. The arresting officer indicated to respondent that Moore had been cooperative at the time of his arrest. Respondent conveyed this information to the prosecutor, who did not respond. Prior to the June 20, 1995 court

date, respondent notified a court bailiff that the matter had been resolved and that Moore would not appear in court. The bailiff promised to advise both the court and the assistant prosecutor that the matter had been settled.

{¶ 2} Moore did not appear at court on June 20, 1995, and as a consequence his commercial driver's license was suspended. Later, Moore went to Youngstown and resolved the matter consistent with the plea arrangement negotiated by respondent. Respondent did not return Moore's telephone calls or answer a letter from Moore, but after relator began its investigation respondent did return the $250 retainer to Moore.

{¶ 3} On July 21, 1995, Julie VanKampen, whom respondent had previously represented in a divorce case, retained him in an attempt to change a shared parenting plan to that of sole residential parent and legal custodian. Respondent did not file the required papers, but after relator began its investigation, respondent returned VanKampen's retainer.

{¶ 4} In November 1994, Dawn Kiracofe retained respondent to file a dissolution. After an initial conference and some drafting of documents, respondent took no further action. Respondent returned Kiracofe's retainer after relator began its investigation.

{¶ 5} During the period respondent undertook to represent Moore, VanKampen, and Kiracofe, he was suffering from clinical depression. In October 1995, he voluntarily admitted himself to Sheperd Hill Hospital in Newark, Ohio, for the treatment of alcoholism. After two weeks in the facility, respondent began attending Alcoholics Anonymous meetings. Respondent closed his law office in February 1996, and on May 16, 1996 entered into a two-year contract with Ohio Lawyers Assistance Program, Inc. ("OLAP"). Random tests since May 1996 have shown respondent to be drug- and alcohol-free.

{¶ 6} With respect to each of these three matters, respondent agreed that he had violated DR 1-102(A)(1) (violation of a Disciplinary Rule), 1-102(A)(5)

(engag-ing in conduct prejudicial to the administration of justice), and 1-102(A)(6) (engaging in conduct adversely reflecting on the fitness to practice law), 6-101(A)(3) (neglecting a legal matter entrusted), 7-101(A)(1) (failing to seek the lawful objectives of a client), 7-101(A)(2) (failing to carry out a contract of employment), and 7-101(A)(3) (damaging a client during the course of the professional relationship). Respondent agreed further that he had violated DR 6-101(A)(2) (failing to prepare adequately) in the Kiracofe matter.

{¶ 7} The parties waived a hearing before a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board"), which found the facts as stipulated. The panel concluded that in the Moore, VanKampen, and Kiracofe matters respondent had violated DR 1-102(A)(1), (5), and (6), 6-101(A)(3), and 7-101(A)(1), (2), and (3), and that in the Kiracofe matter he had violated DR 6-101(A)(2). In mitigation the panel received a statement of respondent with respect to his problems and his success in overcoming them, as well as an affidavit of his monotoring attorney in OLAP and letters attesting to respondent's character and professionalism. The panel recommended that respondent receive a public reprimand.

{¶ 8} The board adopted the findings, conclusion, and recommendation of the panel.

––––––––––––––––––

*Bruce Comly French* and *C. Bradford Kelley,* for relator.

*F. Stephen Chamberlain, pro se*.

––––––––––––––––––

*Per Curiam.*

{¶ 9} We adopt the findings, conclusions, and recommendation of the board. By failing to follow up and ensure that the settlement of Moore's case was communicated to the judge and by failing to take any action on behalf of VanKampen and Kiracofe, respondent neglected legal matters and inconvenienced

his clients. Because of respondent's obvious remorse, his apparently successful efforts at rehabilitation, and his return of the retainers to his clients, we believe that the public reprimand as recommended by the board is warranted in this case. Respondent is so reprimanded. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

––––––––––––––––––